may it please the court this case involves the federal government's taking of $26,000 $255 from the safety deposit box and home of Maxim Lam there are three steps in the analysis the first do we have any idea where mr. Lam now is there is a statement indicating that he was we know he's not here otherwise do you know where he is we know no more than is evident from the record below and the record below if I'm correct has a declaration under oath by an assistant u.s. attorney that Lam is believed in quotes to be in China question did mr. Lam's attorney move to strike that declaration that portion of declaration on grounds of lack of personal knowledge here say or any other evidentiary ground no your honor the the approach so we have that in in the record the only whereabouts of Lam is China that is the only thing that appears in the record your honor but I would also point out to the court that we've challenged the lack of jurisdiction in the first place which would of course encompass all the representations made pursuant to the motion to strike we were asserting that the motion to strike is jurisdictionally barred because of the lack of initial jurisdiction which gives us to the first point of the threshold question of federal jurisdiction which is that the only the Congress can confer federal jurisdiction that the actions of a party cannot either confer or diminish the scope of the congressional conferral of the in rem jurisdiction is not conferred unless it is attached to a federal statute and the I think that basically the just earlier this week the Supreme Court gave us a statement of what the definition of subject matter jurisdiction is in the Carlsbad case they do that about once every two weeks the latest greatest version again is putting the point on is whether there was power over that in rem it includes the extent which a court can rule on not only the conduct of persons but the status of things so therefore the in rem still has to have a the statutory basis for the in rem jurisdiction is not properly pled the essentials of the federal jurisdiction are both the causal relationship to the border crossing it has to be immediate and it has to be an intention to violate the immigration laws without those two elements it's just a piece of paper it's not a charge of a federal crime I'm hoping I'm responding to what your observation was well I understand now you're making a different point that you've also made in your brief you're saying that the indictment doesn't charge something that comes within the forfeiture statute correct and in the absence of that there is not federal jurisdiction because the federal but as I read the forfeiture statute it's not tied to an indictment it is tied to under 981 to a federal charge and the district court in its opinion directly was relating it to the indictment and even if we look to the complaint there is no statement of those essential elements that make it that make the difference between these are allegations of improper behavior perhaps but until those two elements that give it federal jurisdiction are pled proven the plain face of the wasn't lamb charged for making phony documents with respect to immigration I mean you're making phony driver's licenses that was a charge and those were used by immigrants in order to come to this country right no no absolutely it's the last part of it that is the key to the case your honor the coming to the country that nexus that is evidence from the Evans case that is part of the legislative history of this whole statute coming to the country is exactly what they have to show and that's exactly what they section 1615 burden of proof and forfeiture proceedings and based on that says really all the government has to show is probable cause the probable cause that there was a violation of 13 I guess it's 1324 a1a IV what's your response to that that has never been it's not included in the charge that the two essential elements to make it a federal crime were not included in the indictment was not found by the by the judge in the criminal complaint and the same judge in both cases he only was deferring to the probable cause but finding by the grand jury the grand I understand that in a criminal proceeding but this is a civil proceeding and so they just have to show probable cause that there was a violation of 1324 at least that's the argument that's made and and the court could find on this record that there was at least probable cause regardless of whether there was a defect in the indictment which seems to be an open issue or maybe have you know something determined I think that there was no finding of probable cause on the two distinct elements and they could not under the facts of this case establish probable cause and I would refer to the statement in 493 850 the Ninth Circuit case that also adopted an earlier forfeiture standard when it's not a matter of whether there's probable cause that some illegal activity occurred it has to show that it was in the activity subject to the specific forfeiture statute it invokes that requires they charged him with 10 counts of encouraging aliens to unlawfully reside the United States in violation of section 1324 which is not a crime it's not a federal crime unless they say that it was had a nexus to entry it's not a crime unless they say there were specific intent to violate the immigration laws that's back to a defect in the indictment not it there and we don't necessarily rely solely on the indictment to see whether he comes within the meaning of the federal forfeiture statute correct the district court in this case did and the district court was also not my question we don't necessarily need to look to the indictment to see whether he comes within the forfeiture statute correct the court can look to other I think in this case where the forfeiture is based on a district court ruling that incorporates the probable cause finding of the grand jury I do not think that the court has an independent basis to look elsewhere and see if there's probable cause and make an independent assessment if the court does do that I think that there is nothing that establishes those two elements to in this case no matter where the court looks in the record of this case there is no evidence that there was a nexus causation to a frontier crossing in the absence of that there is not jurisdiction and there is certainly no evidence that he intended to violate the immigration laws in doing this passing that argument for the moment I'm not asking you to concede obviously but assume that there is jurisdiction for the forfeiture and now the question is is he entitled to get it back or is it forfeited because he's out of the country is it forfeited because he has fled I've got two questions that interest me one is is the evidence that he is outside the country sufficient to disable him from coming into federal court to get his money back second question is does it make a difference that he's fleeing from a state court criminal procedure rather than a federal court criminal proceeding is to take them in the opposite order is absolutely essential because in the absence of a federal charge that there is no jurisdiction under the statutory fugitive disentitlement doctrine there is no precedent for a state case to be the predicate for the location of the statute and under Deegan there's not a general power without the power of the statute even though the statute refers to the court in which a criminal case is pending rather than specifying federal court in which the proceeding is pending I believe it does specify federal court by inference because it's when especially the case that we've provided the court in the that the government provided the court in the rule 28 J letter specifically relates to when we talk about other criminal proceedings that is coming from the 981 federal charge and it makes perfect sense in its context because otherwise we have a way too broad statute and even in this case it's not a related matter because the only basis is a exclusively federal matter of immigration over which the political doctrine says that the federal court is the only one that has control under those circumstances historically before the Deegan case I guess that the fugitive disentitlement would apply to I guess Molinaro tells us it would apply to persons evading the jurisdiction of a state court and so I guess the argument would be that it would be reasonable to understand Congress trying to reenact the historical fugitive disentitlement judge made law after Deegan to also understand that that would apply to state courts I think it was in state courts in the context of the appellate invoking the appellate power of the court and that's where Molinaro was involved in and Deegan was addressing an expansion into a claim of how you could lose your personal money taking the having a taking based on this type of having not having a statutory authorization for it and in Deegan they said you must have a statutory authorization before you can disentangle someone but are there any cases pre-Deegan that did say this only applies to people fleeing the jurisdiction of a federal court not a state court that you're aware of I believe that the only that the I do not know of any cases that were involving the state court and I believe that because of what Deegan was saying about the difference between the appellate disentitlement and this type of situation where you have a an amount of money that is sacrificed and I didn't address the first part of your question the the question is how much proof do we need that he's outside the country and or has left the country in the statute I think that that's addressed in another again in this second circuit case that we've that was well dealt with on both sides of the of the case dealt with the question of the sufficiency and I think that my recollection of that aspect of it when they were talking about the proof of the motivation for why the person was staying out that they found that that would be inadequate and I think that we would have the same problem in this case thank you may I please the court Leslie Westfall on behalf of the United States I believe there really is only one issue that this court needs to address and that is whether the fugitive disentitlement statute now it's section 2466 really applies in this case where the claimant in the civil forfeiture case in the federal system happens to also be a fugitive in the state court well can you address the first argument that your opponent seems to think is a terribly important argument I will say that there's not enough there's not enough reason to believe that he actually violated the federal law I will first the civil forfeiture statutory scheme which evolved beginning in 1776 when first Congress yes may I interrupt you for just a question because as I see what you're saying is even if he's not being preceded against in a federal court the forfeiture statute applies because he's being preceded against in a state court and he's a fugitive right absolutely correct suppose he were being preceded against in a criminal case in Spain and he were a fugitive if you read the court the court as being any court right including a state court it could be a foreign court you could have anticipated one of those great questions your honor I believe that that Congress in its limitations of the three different ways that someone could be gone in the first two talks about leaving the jurisdiction of the United States the second one declines to enter or re-enter the United States but the third which is what follows here is it evades the jurisdiction of the court in which a criminal case is pending against the person could cover Spain but the reason it wouldn't ever happen your honor is because those cases have to be related and they have to arise from the same facts and I suppose there is a possibility that the Spanish government could charge someone with a money laundering scheme that would arise from the same facts and be closely related and be a fugitive and that is possible that of course is fortunately not the issue here another way to look at it is the mention of the United States in sub in A and B implies that they are talking about courts in the United States I believe in A and B they clearly are talking about courts in the United States and that would carry over to C no it would not I do not believe so because Congress would certainly have said United States in subsection C had they wanted to but they said in the court which a criminal case is pending I think Judge Bay had just tossed you a lifeline and you court yes you are trying to keep me out of Spain I understand that part and in the end I think so is Judge Bay would you like me to go back and discuss the subject matter jurisdiction argument first I think there is an easy way to address that and clear up the facts that are before us Judge Marsh when deciding there was probable cause in this case which was written in the supplemental excerpt of record in his warrant of arrest he said I find probable cause based on the complaint filed in this case that complaint consists of the standard government complaint with a 35 page affidavit sworn to by a federal law enforcement agent that is the sole basis on which Judge Marsh found probable cause in this case civil cases civil forfeiture cases are entirely independent of the criminal prosecution there may be a prosecution there may not be a prosecution there may be an acquittal as in 89 firearms and it would have no impact on the subject matter jurisdiction or the ability of the court to go forward in an asset forfeiture case so he is not relying on the indictment he is relying on the affidavit there is no evidence that Judge Marsh saw the indictment or knew the indictment existed until much later he found probable cause at the very beginning so that is your answer now could you talk about whether or not we in subsection c to be restricted only to federal court or whether it should be federal and state courts within the United States Guantanamo or the Supreme Court of Canada right well unfortunately in this case we are dealing with a state court and the facts do arise out of the same the facts that support both the state court charges and the federal forfeiture are exactly the same facts and are related to the same things under the federal system it arises in the context of an immigration violation in the state system it was charged as forged documents and public records interference and therefore we have the nexus between the two that is appropriate the reason that this doctrine should apply is as Judge Akita just said was that this is a codification of a pre-existing doctrine and at the invitation of Justice Kennedy in the Deegan case the Congress put forth a statute that pretty well set forth the same standards and elements that were set forth prior to Deegan when they did that they were bringing out all of the issues that a fugitive would need and those are the five tests for the United States to be able to use this test there are cases prior to the Deegan a fifth circuit case Broadway v. City of Montgomery which the very thing happened where Mr. Broadway ends up a fugitive in an Alabama court he files a 1983 action in federal court and the fifth circuit disentitles him because he is a fugitive in a state court proceeding that was pre-Deegan however I believe that has some force here furthermore I think it's a policy matter it makes sense that this be applied we would have a disparate result if in fact we have some individual who happens to be charged in federal court and the money is seized from that person and a forfeiture action is pursued in federal court he would have no opportunity to make a claim were he a fugitive yet an individual charged in state court would have an opportunity to make that claim by the very fortunate experience of having the state charge and the federal pass on making that charge that seems an inequity that Congress would not have intended it also falls into the line of the statement that Judge Justice Kennedy made when he said that what he didn't recognize that his ruling in this case would result in what he called I believe the unseemly spectacle of having someone be far abroad and yet reach in just enough by mail or otherwise to try to reclaim the fruits of the very crime from which they are evading responsibility and for that reason I don't think that it is unreasonable for us to read in the very context of this statute what Congress has put there they did not use the words United States in the third clause when they had used it in the previous two clauses they did put constraints around it to make sure this would not be stretched so broadly it has to arise out of the same set of facts it has to be related and Judge Marsh looked at what related meant and went to 983G and looked at that to see that the related is the kind of facts that both give rise to both the forfeiture and the criminal proceeding and that's a very reasonable result to come to and so when Congress said an individual otherwise evades the jurisdiction of the court in which a criminal case is pending that's the very case that this falls under and this is the kind of case that this fugitive disentitlement now statute should apply to and the district court should be affirmed in this matter okay thank you thank you would you like a minute I think we should take the court of this word at page 9 of the excerpt of record he says you relied on the indictment that's the only he certainly had every opportunity at that point to say he was relying on his assessment of the complaint I think it can be read into this pretty clearly that when he signed the complaint he had no hadn't been signaled by the government in any way about the two essential federal facts that needed to be found and he did not find those because they were not supported on the question of the state court there is nothing in the language of the statute that takes it out of federal is 981 is the predicate for that statute it should be construed very narrowly because of the and the fact that there is a single case where there was concurrent jurisdiction for related certainly does not say that there was a congressional intent to make any federal anybody who is who misses a traffic ticket and related to a drug case all of a sudden he doesn't show up for that is all of a sudden exposed to losing all their property there was a very carefully calculated comity interest here why should the state be losing the forfeiture when there's no federal prosecution if the state wants to go forward with the forfeiture this federal is supposed to elbow in front and then seize the money that's not within the scope of the statute and the statute should not be construed that way thank you very much case united states versus united states currency is now submitted for decision that completes our argument calendar for the morning there's one last case on the calendar that has been submitted for decision and that is howard versus astro we're now in adjournment thank you very much
judges: Fletcher W. , Bea, Ikuta